ZORRILLA, PLAINTIFF AND APPELLANT, *v.* SANTANA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action for Performance of Contract, etc.

MOTION for Dismissal of the Appeal.

No. 2207.—Decided April 13, 1920.

APPEAL—AGGRIEVED PARTY.—Where the plaintiff obtains a judgment "without costs" and appeals therefrom the appeal will not be dismissed on the ground that the appellant was not an aggrieved party and that the appeal was taken from the whole judgment. In every appeal it is understood that the appeal is from that part of the judgment that prejudices the appellant.

The facts are stated in the opinion.

*Mr. J. S. Alegría* for the appellant.

*Messrs. A. Alvarez Nava, F. de la Torre, J. Ramírez* and *J. Martínez Dávila* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

After several preliminary steps the defendants in this case confessed the truth of the complaint whereupon the complainant came into court by motion and specially requested the court not only to render judgment in his favor but also to mulct the defendants in costs. The court on January 12, 1920, overruled this motion and on January 30, 1920, rendered judgment in favor of the complainant, but without costs. The latter appealed.

The appellees now come into this court and ask that the appeal be dismissed on the ground that the complainant has a judgment in his favor and that by section 294 of the Code of Civil Procedure only an aggrieved party may appeal,

citing *Freyre* v. *Quintero et al.,* 23 P. R. R. 119; *Alcaide* v. *Morales,* 26 P. R. R. 209, and *Díaz et al.* v. *Barceló,* 27 P. R. R. 290.

If attention be paid to the form of the motion to dismiss it must be overruled, inasmuch as the appellant was aggrieved by the judgment in so far as costs and fees were not imposed on the losing parties.

At the hearing, however, the appellees changed their attitude to insist that the appellant appealed from the whole judgment when he should only have appealed from a part of it, namely, the part that says "without costs."

The notice of appeal before us is very general and says that the complainant "not being in accord with the judgment, appeals therefrom."

Section 296 of the Code of Civil Procedure provides:

"Section 296. An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

This section is in such a form that it would seem to give to a losing party the right to appeal from the whole or a specified part of the judgment. It is possibly more particularly designed to meet the case of a party against whom judgment has been pronounced for a number of things, but who only objects to some of them.

What happens very frequently, however, is that the court gives judgment for a complainant in a negligence case, but only awards nominal damages. Sometimes both parties appeal; sometimes the complainant alone. We have witnessed many other cases where both parties appeal and the natural thing to do is to appeal from the whole judgment, such an action being understood to mean an appeal from the judgment in so far as it prejudices appellant.

The general rule is that an appeal cannot be taken from

a part of a judgment unless (as in Porto Rico) a statute permits it. 3 C. J. 466. Where there is a discretion to award costs, but such discretion is reviewable (as in Porto Rico), orders denying costs are reviewable. 3 C. J. 537. Here the complainant made a special effort to obtain costs and is aggrieved by the judgment against him. So much is this so that the secretary of the district court notified him as if he were the one prejudiced by the judgment.

In any event the appeal must be held to be from that part of the judgment which prejudiced the complainant. The appellant offered at the hearing to limit himself to such an appeal, but whether we have authority to accept such a limitation or not the motion to dismiss must be

*Overruled.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.